IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No.  6:01-0050–HMH |
| vs. | ) | C/A No. 6:05-2216-HMH |
| | ) | |
| Codell Griffin, | ) | |
| | ) | **OPINION & ORDER** |
| Movant. | ) | |

This matter is before the court on Codell Griffin's ("Griffin") motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). After a thorough review of the facts and pertinent law, the court summarily dismisses Griffin's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 27, 2001, Griffin pled guilty to five counts. Three counts involved knowingly using communication facilities to facilitate the commission of a felony in violation of 21 U.S.C. §§ 841(a)(1) and 843(b) and 18 U.S.C. § 2. The other two counts involved (1) knowingly conspiring to possess with intent to distribute less than 1 kilogram but 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846, and (2) knowingly possessing with intent to distribute less than 100 grams of heroin after having a prior conviction for a felony drug offense in violation of 21 U.S.C. § 841(a)(1). On December 19, 2001, Griffin was sentenced to one hundred and sixty (160) months' imprisonment. The judgment was entered on January 8, 2002. Griffin did not appeal the judgment.

1

## II. DISCUSSION OF THE LAW

"A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from . . . (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255. Griffin's instant section 2255 motion is barred by the statute of limitations. An unappealed federal criminal judgment becomes final for purposes of § 2255 when the time for filing a direct appeal expires. See Moshier v. United States, 402 F.3d 116, 118 (2d Cir. 2005); Sanchez-Castellano v. United States, 358 F.3d 424, 428 (6th Cir. 2004) (finding that, for purposes of § 2255 motions, "an unappealed federal criminal judgment becomes final ten days after it is entered"); Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999) ("If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitation begins to run, on the date on which the time for filing such an appeal expired."). Therefore, Griffin had until January 22, 2003, to file his section 2255 motion. See Fed. R. App. P. 4(b)(1)(A). This motion was filed on July 29, 2005.[1] In addition, "it is indisputably clear from the materials presented to the district court that the [motion] is untimely and cannot be salvaged by equitable tolling principles." Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

2

Therefore, it is

**ORDERED** that Griffin's section 2255 motion is summarily dismissed.

**IT IS SO ORDERED**.

                                                  s/ Henry M. Herlong, Jr.
                                                  United States District Judge

Greenville, South Carolina
August 25, 2005

## NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.